UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBIN CLARK | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Cause No.: |
| v. | ) | |
| | ) | |
| ELI LILLY & COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**COMPLAINT AND DEMAIND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.      This is an employment discrimination action brought by Plaintiff, Robin Clark ("Clark"), by counsel, against the Defendant, Eli Lilly & Company ("Lilly"), for its discriminatory and retaliatory actions taken against her based on her religion and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act of 1990("ADA"), as amended 42 U.S.C. § 12101 *et seq.;* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended 29 U.S.C. §621 *et. seq.*

**II. PARTIES**

2.      At all relevant times to this action, Clark resided within the Southern District of Indiana.

3.      Defendant is a corporation which maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana

**III. JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117(a); and 29 U.S.C. §216(b).

5.      Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5); and 29 U.S.C. §203 (d).

6.      Clark is an "employee" within the meaning of 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and 29 U.S.C. §203(e)(1).

7.      Clark is an individual with a "disability" as that term is defined under 42 U.S.C.A § 12102.

8.      Clark exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and the Indiana Civil Rights Commission. Clark received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

9.      All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

10.      Clark was hired by Defendant on or about August 3, 2020.  Clark's last held position was as an Associate Consultant Engineer-Process. During her employment, Clark met or exceeded Defendant's legitimate performance expectations.

11.      On or about August 12, 2021, Defendant enacted a COVID-19 Vaccine Mandate ("Mandate"). The Mandate required that every employee be vaccinated by November 15, 2021. Defendant created a process under the Mandate for religious and medical exemptions.

12.     Clark suffers from Hashimoto's Disease, an autoimmune thyroid condition. Clark is a qualified individual with a disability under the Americans with Disabilities Act ("ADA").

13.     On or about September 10, 2021, Clark submitted an accommodation request to the Mandate under the ADA. Said request included a note from her doctor noting that she should not take any of the COVID-19 vaccines at this time.

14.     On or about September 16, 2021, Lilly requested additional information from Clark's doctor. Clark's doctor provided another note on or about September 24, 2021, which noted again that Clark should not take any of the COVID-19 vaccines at this time.

15.     On or about September 28, 2021, Lilly denied Clark's accommodation request.

16.     On or about October 5, 2021, Clark submitted an appeal to Lilly concerning her ADA accommodation request. In said appeal, Clark submitted a religious exemption request.

17.     Clark submitted her ADA and religious exemption request on three separate occasions after October 5, 2021.  In each response, Lilly reiterated its denial of Clark's ADA exemption request and refused to review and/or engage in the interactive process concerning Clark's religious exemption request.

18.     In or about November 2020, Clark tested positive for COVID-19. Since testing positive, Clark has participated in Lilly's antibody study. Clark was tested for antibodies every three-months. Her most recent test during her employment was on October 19, 2021. Clark tested positive for antibodies on said date and her antibody count has not diminished in a serious manner since.

19.    On November 15, 2021, Defendant terminated Clark's employment because she refused to get one of the vaccines pursuant to the instructions of her health care provider and due to her sincerely held religious beliefs.

20.    Clark, who is 50-years old, was replaced by a younger individual after her termination.

21.    During her tenure, Clark has complied with Lilly's COVID protocols, which included but were not limited to proof of antibodies, mask protocols and daily or weekly testing for COVID-19. To date, these are still held out as appropriate and secure against COVID by Lilly.

22.    Between August 3, 2020, and November 1, 2021, Defendant cannot point to one employee or patient that contracted COVID-19 due to Clark adhering to the Defendant's COVID protocols while unvaccinated.  Clark was able to perform the essential functions of her job without a significant hardship or an undue burden to the Defendant.  Clark, and other vaccinated and unvaccinated employees, worked at Defendant's facility with no issues.

23.    Starting on November 16, 2021, Lilly removed its COVID protocols for all "vaccinated" employees. All "unvaccinated" employees were required to continue to abide by Lilly's COVID protocols.

24.    Clark conveyed to Lilly that if her accommodation request(s) were granted, she was willing to continue complying with Lilly's COVID protocols.

25.    However, the Defendant perceived every employee as having a weakened immune system.  In turn, the Defendant perceived any employee that refused to receive one of the COVID-19 vaccines as an individual who would spread infectious and/or communicable diseases and create an undue hardship and/or threaten the safety of its employees.

26. In essence, prior to November 15, 2021, the Defendant perceived every employee as having a weakened immune system that required vaccination.

27. Clark submitted both a disability and religious exemption request.  In doing so, Clark notified Defendant that she would not receive any of the COVID-19 vaccines.

28. In response, Defendant denied Clark's exemption request.

29. Defendant perceived Clark (and continues to perceive her) as having an impairment (i.e. weakened immune system) at the time of her termination.

30. Due to the Defendant's actions, Clark has been harmed.

## V. CAUSES OF ACTION

## COUNT I – TITLE VII – RELIGIOUS DISCRIMINATION

31. Clark hereby incorporates paragraphs one (1) through thirty (30) of her Complaint as if it were set forth at length herein.

32. Clark was discriminated against based on her sincerely held religious belief when she was subject to less favorable terms and conditions in her employment and when her religious accommodation request was denied.

33. Defendant discriminated against Clark on the basis of her closely held religious beliefs by subjecting her to disparate treatment.

34. Defendant discriminated against Clark on the basis of her closely held religious beliefs by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

35. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

36.     Defendant's conduct was deliberate, willful, and in reckless disregard for Clark's civil rights.

37.     Clark has suffered damages as a result of Defendant's unlawful conduct.

## COUNT II – TITLE VII - RETALIATION

38.     Clark hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint as if the same were set forth at length herein.

39.     Clark engaged in protected activity when she submitted a request for a religious accommodation for Defendant's COVID-19 vaccination Mandate.

40.     Defendant retaliated against Clark by terminating her after she requested an accommodation for her sincerely held religious belief.

41.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

42.     Defendant's conduct was intentional, willful, and in reckless disregard of Clark's rights.

43.     Clark has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III – ADA - DISCRIMINATION

44.     Clark hereby incorporates paragraphs one (1) through forty-three (43) of her Complaint as if the same were set forth at length herein.

45.     The Defendant perceived every employee as having a weakened immune system that required vaccination.

46.     Said Mandate discriminated against non-vaccinated individuals by viewing and/or perceiving said non-vaccinated employees as having a disability that substantially limits a major life activity, including the function of the non-vaccinated employee's immune system.

47.    Clark was discriminated against based on her actual or perceived disability when she was subject to less favorable terms and conditions in her employment and when her accommodation request for the COVID-19 vaccine Mandate was denied.

48.    Defendant discriminated against Clark on the basis of her disability by subjecting her to disparate treatment.

49.    Defendant discriminated against Clark on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

50.    Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

51.    Defendant's conduct was intentional, willful, and in reckless disregard of Clark's civil rights.

52.    Clark has suffered damages as a result of Defendant's unlawful conduct.

## COUNT IV – ADA - RETALIATION

53.    Clark hereby incorporates paragraphs one (1) through fifty-three (53) of her Complaint as if the same were set forth at length herein.

54.    Clark engaged in protected activity when she submitted a request for a disability accommodation for Defendant's COVID-19 vaccination Mandate.

55.    Defendant retaliated against Clark by terminating her after she requested an accommodation for her disabilities.

56.    Defendant's actions violated the ADA.

57.    Defendant's conduct was intentional, willful, and in reckless disregard of Clark's rights.

58.    Clark has suffered damages as a result of Defendant's unlawful conduct.

## COUNT V – ADEA - DISCRIMINATION

59.     Clark hereby incorporates paragraphs one (1) through fifty-eight (58) of her Complaint as if the same were set forth at length herein.

60.     Clark's employment was terminated because of her age.

61.     Defendant willfully and intentionally discriminated against Clark on the basis of her age in violation of the ADEA.

62.     Clark has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Robin Clark, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstatement to her original position and salary she would have enjoyed but for Defendant's unlawful actions, or front pay in lieu thereof;

2.     Award Clark back pay she would have earned, including benefits and interest, but for Defendant's unlawful actions;

3.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5.     Compensatory damages for Defendant's violations of Title VII, the ADA, and the ADEA;

6.     Punitive damages for violations of Title VII, the ADA, and the ADEA;

7.     All costs and attorney's fees incurred as a result of bringing this action;

8.     Pre- and post-judgment interest on all sums recoverable; and

9.       All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/Taylor Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Robin Clark*

## DEMAND FOR JURY TRIAL

Plaintiff, Robin Clark, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*/s/Taylor Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Robin Clark*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on June 15,

2022, on the following parties by the Court's electronic filing system:

Thomas M. Williams #19193-10
Spencer W. Tanner #32436-49
STOLL KEENON OGDEN PLLC
Thomas.williams@skofirm.com
spencer.tanner@skofirm.com
*Attorneys for Defendant, Trilogy Management Services, LLC*


/s/ Taylor J. Ferguson_____
*Counsel for Plaintiff*